UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
TPG REWARDS, INC.,           )
                  Plaintiff,     )     Civil Action No.
                          )     08-CV-06396 (JSR)
                          )       ECF Case
       v.                 )
                          )     <u>DEMAND FOR JURY TRIAL</u>
QUANTUM LOYALTY SYSTEMS, INC., )
              Defendant.    )
-----------------------------------------------------X

**ANSWER AND COUNTERCLAIMS OF**
**<u>QUANTUM LOYALTY SYSTEMS, INC.</u>**

Defendant Quantum Loyalty Systems, Inc. (hereinafter "Quantum Loyalty"),

through its undersigned counsel, responds to the First Amended Complaint of Plaintiff

TPG Rewards, Inc. (hereinafter "Plaintiff's First Amended Complaint") as follows:

**<u>ANSWER</u>**

**<u>THE PARTIES</u>**

    1.      Quantum Loyalty admits the allegations contained in Paragraph 1 of

Plaintiff's First Amended Complaint.

    2.      Quantum Loyalty admits the allegations contained in Paragraph 2 of

Plaintiff's First Amended Complaint.

**<u>NATURE OF CLAIMS AND BASIS FOR JURISDICTION AND VENUE</u>**

    3.      In response to Paragraph 3, Quantum Loyalty admits that Plaintiff's First

Amended Complaint attempts to allege claims for false advertising and unfair

competition, but denies that there is any merit to those allegations.

    4.      In response to Paragraph 4, Quantum Loyalty admits that Plaintiff's First

Amended Complaint attempts to allege claims that purportedly arise under statutes and

laws of the United States and the State of New York, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.  Quantum Loyalty admits that jurisdiction over the federal claims is proper in this Court in this case.

5.     Paragraph 5 of Plaintiff's First Amended Complaint contains conclusions of law rather than allegations of facts for which no response is required.  Insofar as a response is required, Quantum Loyalty denies the same.

6.     Paragraph 6 of Plaintiff's First Amended Complaint contains conclusions of law rather than allegations of facts for which no response is required.  Insofar as a response is required, Quantum Loyalty admits the same.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint and, therefore, denies the same.

8.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## The MOVIE CASH Program

9.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint and, therefore, denies the same.

10.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and, therefore, denies the same.

11.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and, therefore, denies the same.

12.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, therefore, denies the same.

13.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and, therefore, denies the same.

14.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and, therefore, denies the same.

15.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same.

16.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## The MOVIE CASH Service Mark

17.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and, therefore, denies the same.

18.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and, therefore, denies the same.

19.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and, therefore, denies the same.

20.    In response to Paragraph 20, Quantum Loyalty denies that "[a]s a result of TPG's extensive promotional, marketing and sales efforts during this period, the reputation of the service mark MOVIE CASH continuously has grown among the general public and the mark now is well and favorably known throughout the United States as a source of origin for incentive awards services."  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and, therefore, denies the same.

21.    In response to Paragraph 21, Quantum Loyalty denies that "[t]he MOVIE CASH program is an extremely successful marketing program for TPG  and has been in high demand since it was first introduced."  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same.

22.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same.

23.     Quantum Loyalty denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.     In response to Paragraph 24, Quantum Loyalty admits that Exhibit A of Plaintiff's First Amended Complaint facially appears to be a federal service mark registration for U.S. Reg. No. 2,631,349, dated October 8, 2002, for the mark MOVIE CASH for promoting the goods and services of others through the administration of consumer incentive awards programs featuring redeemable certificates.  Quantum Loyalty denies that U.S. Reg. No. 2,631,349 for MOVIE CASH is incontestable. Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## The MUSIC CASH Service Mark

25.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint and, therefore, denies the same.

26.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and, therefore, denies the same.

27.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and, therefore, denies the same.

28.     In response to Paragraph 28, Quantum Loyalty denies that "[a]s a result of TPG's extensive promotional, marketing and sales efforts during this period, the reputation of the service mark MUSIC CASH continuously has grown among the general public and the mark now is well and favorably known throughout the United States as a source of origin for incentive awards services."  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and, therefore, denies the same.

29.     Quantum Loyalty denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and, therefore, denies the same.

31.     Quantum Loyalty denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.     In response to Paragraph 32, Quantum Loyalty admits that Exhibit B of Plaintiff's First Amended Complaint facially appears to be a federal service mark registration for U.S. Reg. No. 2,170,041, dated June 30, 1998, for the mark MUSIC CASH for promoting the goods and services of others through the administration of consumer incentive awards programs featuring redeemable certificates.  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## The GAS CASH Service Mark

33.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and, therefore, denies the same.

34.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and, therefore, denies the same.

35.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and, therefore, denies the same.

36.     In response to Paragraph 36, Quantum Loyalty denies that "[a]s a result of TPG's extensive promotional, marketing and sales efforts during this period, the reputation of the service mark GAS CASH continuously has grown among the general public and the mark now is well and favorably known throughout the United States as a source of origin for incentive awards services."  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and, therefore, denies the same.

37.     Quantum Loyalty denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint and, therefore, denies the same.

39.     Quantum Loyalty denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     In response to Paragraph 40, Quantum Loyalty admits that Exhibit C of Plaintiff's First Amended Complaint facially appears to be a federal service mark registration for U.S. Reg. No. 2,582,293, dated June 18, 2002, for the mark GAS CASH for promoting the goods and services of others through the administration of consumer incentive awards programs featuring redeemable certificates.  Quantum Loyalty denies that U.S. Reg. No. 2,582,293 for GAS CASH is incontestable.  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## The DVD CASH Service Mark

41.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and, therefore, denies the same.

42.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint and, therefore, denies the same.

43.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and, therefore, denies the same.

44.    In response to Paragraph 44, Quantum Loyalty denies that "[a]s a result of TPG's extensive promotional, marketing and sales efforts during this period, the reputation of the service mark DVD CASH continuously has grown among the general public and the mark now is well and favorably known throughout the United States as a source of origin for incentive awards services."  Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and, therefore, denies the same.

45.    Quantum Loyalty denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint and, therefore, denies the same.

47.    Quantum Loyalty denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

### The ENTERTAINMENT CASH Service Mark

48.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint and, therefore, denies the same.

49.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint and, therefore, denies the same.

50.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint and, therefore, denies the same.

51.     In response to Paragraph 51, Quantum Loyalty denies that "[a]s a result of TPG's extensive promotional, marketing and sales efforts during this period, the reputation of the service mark ENTERTAINMENT CASH continuously has grown among the general public and the mark now is well and favorably known throughout the United States as a source of origin for incentive awards services." Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint and, therefore, denies the same.

52.     Quantum Loyalty denies the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.     Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and, therefore, denies the same.

54.     Quantum Loyalty denies the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

## Quantum's Unfair Competitive Activities

55.    Quantum Loyalty admits the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56.    Quantum Loyalty admits that it offers a program under the mark "Hollywood Movie Money" and refers the Court to www.hollywoodmoviemoney.com for a description of this product.  To the extent otherwise, Quantum Loyalty denies the remaining allegations in Paragraph 56 of Plaintiff's First Amended Complaint.

57.    Quantum Loyalty admits that the Plaintiff is a competitor in the field of movie promotion products, but denies the remaining allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

58.    Quantum Loyalty admits that it owns a federal service mark registration for HOLLYWOOD MOVIE MONEY and Star Design, but denies the remaining allegations in Paragraph 58 of Plaintiff's First Amended Complaint.

59.    Quantum Loyalty denies the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

60.    Quantum Loyalty denies the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

61.    Quantum Loyalty admits that it distributed the advertisement depicted as Exhibit D of Plaintiff's First Amended Complaint and that such was done without authorization or consent of the Plaintiff, but denies the remaining allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

62.    Quantum Loyalty denies the allegations in Paragraph 62 of Plaintiff's First Amended Complaint.

63.    Quantum Loyalty admits that its advertisement states "Superior Theater Network," but denies the remaining allegations in Paragraph 63 of Plaintiff's First Amended Complaint.

64.    Quantum Loyalty admits that its advertisement states: "200 Participating Movie Theater Companies," "17,981 Screens," and "49% Coverage," but denies the remaining allegations in Paragraph 64 of Plaintiff's First Amended Complaint.

65.    Quantum Loyalty admits that its advertisement states: "600 Participating Movie Theater Companies," "36,049 Screens," and "98.5% Coverage," but denies the remaining allegations in Paragraph 65 of Plaintiff's First Amended Complaint.

66.    Quantum Loyalty admits that its advertisement includes depictions of two maps and states "Participating Movie Theater Companies," as depicted as Exhibit D of Plaintiff's First Amended Complaint, but denies the remaining allegations in Paragraph 66 of Plaintiff's First Amended Complaint.

67.    Quantum Loyalty denies the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68.    Quantum Loyalty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint and, therefore, denies the same.

69.    Quantum Loyalty denies the allegations in Paragraph 69 of Plaintiff's First Amended Complaint.

70.    Quantum Loyalty denies the allegations in Paragraph 70 of Plaintiff's First Amended Complaint.

71.     Quantum Loyalty denies the allegations in Paragraph 71 of Plaintiff's First Amended Complaint.

72.     Quantum Loyalty denies the allegations in Paragraph 72 of Plaintiff's First Amended Complaint.

73.     Quantum Loyalty denies the allegations in Paragraph 73 of Plaintiff's First Amended Complaint.

74.     Quantum Loyalty denies the allegations in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     Quantum Loyalty admits that it used the phrase "You've Got" in connection with its marks, but denies the remaining allegations in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     Quantum Loyalty denies the allegations in Paragraph 76 of Plaintiff's First Amended Complaint.

77.     Quantum Loyalty denies the allegations in Paragraph 77 of Plaintiff's First Amended Complaint.

78.     Quantum Loyalty denies the allegations in Paragraph 78 of Plaintiff's First Amended Complaint.

79.     Quantum Loyalty denies the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

80.     Quantum Loyalty denies the allegations in Paragraph 80 of Plaintiff's First Amended Complaint.

81.     Quantum Loyalty denies the allegations in Paragraph 81 of Plaintiff's First Amended Complaint.

82.    Quantum Loyalty denies the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

83.    In response to Paragraph 83, Quantum Loyalty admits that "TPG has no control over the quality of the services provided, sold and offered for sale by Quantum." Quantum Loyalty denies the remaining allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.    Quantum Loyalty denies the allegations in Paragraph 84 of Plaintiff's First Amended Complaint.

85.    Quantum Loyalty denies the allegations in Paragraph 85 of Plaintiff's First Amended Complaint.

86.    Quantum Loyalty denies the allegations in Paragraph 86 of Plaintiff's First Amended Complaint.

87.    Quantum Loyalty denies the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

88.    Quantum Loyalty denies the allegations in Paragraph 88 of Plaintiff's First Amended Complaint.

89.    Quantum Loyalty admits that Plaintiff contacted Quantum Loyalty regarding its advertisement as set forth in Exhibit D of Plaintiff's First Amended Complaint, but denies the allegations in Paragraph 89 of Plaintiff's First Amended Complaint.

## FIRST COUNT

### False Comparative Advertising Under Section 43(a) of the Lanham Act

90.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-89 of Plaintiff's First Amended Complaint as set forth above.

91.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under §43(a) of the Lanham Act, 15 U.S.C. §1125(a), but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

92.    Quantum Loyalty denies the allegations in Paragraph 92 of Plaintiff's First Amended Complaint.

93.    Quantum Loyalty denies the allegations in Paragraph 93 of Plaintiff's First Amended Complaint.

94.    Quantum Loyalty denies the allegations in Paragraph 94 of Plaintiff's First Amended Complaint.

95.    Quantum Loyalty denies the allegations in Paragraph 95 of Plaintiff's First Amended Complaint.

96.    Quantum Loyalty denies the allegations in Paragraph 96 of Plaintiff's First Amended Complaint.

97.    Quantum Loyalty denies the allegations in Paragraph 97 of Plaintiff's First Amended Complaint.

**SECOND COUNT**

**False Advertising Under Section 43(a) of the Lanham Act**

98.     Quantum Loyalty repeats and incorporates by reference each and every

response to Paragraphs 1-97 of Plaintiff's First Amended Complaint as set forth above.

99.     Quantum Loyalty admits that Plaintiff's First Amended Complaint

attempts to allege claims that purportedly arise under §43(a) of the Lanham Act, 15

U.S.C. 1125(a), but denies that there is any merit to those allegations or that Plaintiff is

entitled to any relief sought in Plaintiff's First Amended Complaint.

100.    Quantum Loyalty denies the allegations in Paragraph 100 of Plaintiff's

First Amended Complaint.

101.    Quantum Loyalty denies the allegations in Paragraph 101 of Plaintiff's

First Amended Complaint.

102.    Quantum Loyalty denies the allegations in Paragraph 102 of Plaintiff's

First Amended Complaint.

103.    Quantum Loyalty denies the allegations in Paragraph 103 of Plaintiff's

First Amended Complaint.

**THIRD COUNT**

**Infringement of a Federally Registered Service Mark (MOVIE CASH)**

104.    Quantum Loyalty repeats and incorporates by reference each and every

response to Paragraphs 1-103 of Plaintiff's First Amended Complaint as set forth above.

105.    Quantum Loyalty admits that Plaintiff's First Amended Complaint

attempts to allege claims that purportedly arise under Section 32 of the Lanham Act, 15

U.S.C. §1114 regarding U.S. Registration No. 2,631,349, but denies that there is any

merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

106.    Quantum Loyalty denies the allegations in Paragraph 106 of Plaintiff's First Amended Complaint.

107.    Quantum Loyalty denies the allegations in Paragraph 107 of Plaintiff's First Amended Complaint.

## FOURTH COUNT

### Infringement of a Federally Registered Service Mark (MUSIC CASH)

108.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-107 of Plaintiff's First Amended Complaint as set forth above.

109.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under Section 32 of the Lanham Act, 15 U.S.C. §1114 regarding U.S. Registration No. 2,170,041, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

110.    Quantum Loyalty denies the allegations in Paragraph 110 of Plaintiff's First Amended Complaint.

111.    Quantum Loyalty denies the allegations in Paragraph 111 of Plaintiff's First Amended Complaint.

## FIFTH COUNT

### Infringement of a Federally Registered Service Mark (GAS CASH)

112.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-111 of Plaintiff's First Amended Complaint as set forth above.

113.     Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under Section 32 of the Lanham Act, 15 U.S.C. §1114 regarding U.S. Registration No. 2,582,293, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

114.     Quantum Loyalty denies the allegations in Paragraph 114 of Plaintiff's First Amended Complaint.

115.     Quantum Loyalty denies the allegations in Paragraph 115 of Plaintiff's First Amended Complaint.

## SIXTH COUNT

### False Designation of Origin Under Section 43(a) of the Lanham Act

116.     Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-115 of Plaintiff's First Amended Complaint as set forth above.

117.     Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) for false designation of origin, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

118.     Quantum Loyalty denies the allegations in Paragraph 118 of Plaintiff's First Amended Complaint.

119.     Quantum Loyalty denies the allegations in Paragraph 119 of Plaintiff's First Amended Complaint.

**SEVENTH COUNT**

**<u>Injury to Business Reputation Under New York General Business Law</u>**

120.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-119 of Plaintiff's First Amended Complaint as set forth above.

121.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under Section 360-1 of the General Business Law of the State of New York, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

122.    Quantum Loyalty denies the allegations in Paragraph 122 of Plaintiff's First Amended Complaint.

123.    Quantum Loyalty denies the allegations in Paragraph 123 of Plaintiff's First Amended Complaint.

**EIGHTH COUNT**

**<u>False Advertising Under New York General Business Law</u>**

124.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-123 of Plaintiff's First Amended Complaint as set forth above.

125.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under the statutory law of the State of New York (Section 350 of New York General Business Law), but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

126.    Quantum Loyalty denies the allegations in Paragraph 126 of Plaintiff's First Amended Complaint.

127.    Quantum Loyalty denies the allegations in Paragraph 127 of Plaintiff's First Amended Complaint.

128.    Quantum Loyalty denies the allegations in Paragraph 128 of Plaintiff's First Amended Complaint.

## NINTH COUNT

### Deceptive Practices Under New York General Business Law

129.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-128 of Plaintiff's First Amended Complaint as set forth above.

130.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under the statutory law of the State of New York (Section 349 of New York General Business Law), but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

131.    Quantum Loyalty denies the allegations in Paragraph 131 of Plaintiff's First Amended Complaint.

132.    Quantum Loyalty denies the allegations in Paragraph 132 of Plaintiff's First Amended Complaint.

## TENTH COUNT

### New York Common Law Service Mark Infringement (MOVIE CASH)

133.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-132 of Plaintiff's First Amended Complaint as set forth above.

134.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under New York common law, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

135.    Quantum Loyalty denies the allegations in Paragraph 135 of Plaintiff's First Amended Complaint.

136.    Quantum Loyalty denies the allegations in Paragraph 136 of Plaintiff's First Amended Complaint.

## ELEVENTH COUNT

### New York Common Law Service Mark Infringement (MUSIC CASH)

137.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-136 of Plaintiff's First Amended Complaint as set forth above.

138.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under New York common law, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

139.    Quantum Loyalty denies the allegations in Paragraph 139 of Plaintiff's First Amended Complaint.

140.    Quantum Loyalty denies the allegations in Paragraph 140 of Plaintiff's First Amended Complaint.

**TWELFTH COUNT**

**New York Common Law Service Mark Infringement (GAS CASH)**

141.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-140 of Plaintiff's First Amended Complaint as set forth above.

142.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under New York common law, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

143.    Quantum Loyalty denies the allegations in Paragraph 143 of Plaintiff's First Amended Complaint.

144.    Quantum Loyalty denies the allegations in Paragraph 144 of Plaintiff's First Amended Complaint.

**THIRTEENTH COUNT**

**New York Common Law Service Mark Infringement (DVD CASH)**

145.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-144 of Plaintiff's First Amended Complaint as set forth above.

146.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under New York common law, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

147.    Quantum Loyalty denies the allegations in Paragraph 147 of Plaintiff's First Amended Complaint.

148.    Quantum Loyalty denies the allegations in Paragraph 148 of Plaintiff's First Amended Complaint.

## FOURTEENTH COUNT

## New York Common Law Service Mark Infringement (ENTERTAINMENT CASH)

149.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-148 of Plaintiff's First Amended Complaint as set forth above.

150.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under New York common law, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

151.    Quantum Loyalty denies the allegations in Paragraph 151 of Plaintiff's First Amended Complaint.

152.    Quantum Loyalty denies the allegations in Paragraph 152 of Plaintiff's First Amended Complaint.

## FIFTEENTH COUNT

## New York Common Law Unfair Competition

153.    Quantum Loyalty repeats and incorporates by reference each and every response to Paragraphs 1-152 of Plaintiff's First Amended Complaint as set forth above.

154.    Quantum Loyalty admits that Plaintiff's First Amended Complaint attempts to allege claims that purportedly arise under the common law of the State of New York, but denies that there is any merit to those allegations or that Plaintiff is entitled to any relief sought in Plaintiff's First Amended Complaint.

155.    Quantum Loyalty denies the allegations in Paragraph 155 of Plaintiff's First Amended Complaint.

156.    Quantum Loyalty denies the allegations in Paragraph 156 of Plaintiff's First Amended Complaint.

157.    Quantum Loyalty denies the allegations in Paragraph 157 of Plaintiff's First Amended Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Quantum Loyalty denies that Plaintiff is entitled to any relief for which it prays.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

158.    All allegations in the Answer not expressly and specifically admitted herein are denied.

## SECOND AFFIRMATIVE DEFENSE

159.    By its act and conduct, Plaintiff is estopped from bringing this action.

## THIRD AFFIRMATIVE DEFENSE

160.    Quantum Loyalty's use of the HOLLYWOOD MOVIE MONEY mark, QUANTUM REWARDS GAS MONEY mark, and HOLLYWOOD MUSIC MONEY mark does not infringe upon any of the marks used or owned by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

161.    Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

162.    Plaintiff's claims are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

163.    Plaintiff cannot prove likelihood of confusion.

## SEVENTH AFFIRMATIVE DEFENSE

164.    Plaintiff's claims are barred by the doctrine of fair use.

WHEREFORE, Defendant Quantum Loyalty requests that judgment be entered in its favor dismissing all causes of action set for in Plaintiff's First Amended Complaint with prejudice; that Defendant be awarded all costs, including attorney's fees, resulting from this action; and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Quantum Loyalty, by and through it's undersigned attorneys, hereby alleges, for its counterclaim against Plaintiff/Counterclaim Defendant TPG Rewards, Inc. (hereinafter "TPG"), as follows:

165.    Quantum Loyalty is a Nevada corporation having a place of business at 926 Incline Way, Suite 200, Incline Village, Nevada  89451.

166.    On information and belief, TPG Rewards, Inc. is a Delaware corporation having a place of business at 111 John Street, 27th Floor, New York, New York  10038.

167.    This counterclaim arises under the Lanham Act, 15 U.S.C. §§ 1064 and 1114 - 1125 and the statutes and laws of the State of New York.

168.    Jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and 15 U.S.C. § 1121, and there is a real and substantial controversy regarding TPG's alleged marks and other matters described in Plaintiff's First Amended Complaint.

169.    Venue is proper under 28 U.S.C. §§ 1391, and is also based on the filing by Plaintiff of this action against Quantum Loyalty in this District.

## COUNT I

### CANCELLATION OF TPG'S MOVIE CASH SERVICE MARK

170.    Quantum Loyalty realleges and incorporates Paragraphs 1-169 of this answer and counterclaim as set forth above.

171.    This claim is for cancellation of U.S. Trademark Reg. No. 2,631,349 for the alleged mark MOVIE CASH pursuant to 15 U.S.C. §§ 1052, 1064 and 1119.

172.    TPG's registered MOVIE CASH service mark has become a generic name for the services for which the mark is registered.

173.    TPG's registered MOVIE CASH service mark is descriptive and only used to describe the service provided by TPG under that mark.

174.    Due to the actual commercial or pecuniary interest in the HOLLYWOOD MOVIE MONEY mark, Quantum Loyalty has reason to believe that Quantum Loyalty has been and will continue to be damaged by TPG's use of the MOVIE CASH mark.

## COUNT II

### CANCELLATION OF TPG'S GAS CASH SERVICE MARK

175.    Quantum Loyalty realleges and incorporates Paragraphs 1-174 of this answer and counterclaim as set forth above.

176.    This claim is for cancellation of U.S. Trademark Reg. No. 2,582,293 for the alleged mark GAS CASH pursuant to 15. U.S.C. §§ 1052, 1064 and 1119.

177.    TPG's registered GAS CASH service mark has become a generic name for the services for which the mark is registered.

178.    TPG's registered GAS CASH service mark is descriptive and only used to describe the service provided by TPG under that mark.

179.    Due to the actual commercial or pecuniary interest in the QUANTUM REWARDS GAS MONEY mark, Quantum Loyalty has reason to believe that Quantum Loyalty has been and will continue to be damaged by TPG's use of the GAS CASH mark.

## COUNT III

## CANCELLATION OF TPG'S MUSIC CASH SERVICE MARK

180.    Quantum Loyalty realleges and incorporates Paragraphs 1-179 of this answer and counterclaim as set forth above.

181.    This claim is for cancellation of U.S. Trademark Reg. No. 2,170,041 for the alleged mark MUSIC CASH pursuant to 15 U.S.C. §§ 1064 and 1119.

182.    The registered MUSIC CASH service mark has become a generic name for the services for which the mark is registered.

183.    Due to the actual commercial or pecuniary interest in the HOLLYWOOD MUSIC MONEY mark, Quantum Loyalty has reason to believe that Quantum Loyalty has been and will continue to be damaged by TPG's use of the MUSIC CASH mark.

## COUNT IV

## DECLARATION THAT TPG'S ALLEGED MOVIE CASH SERVICE MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

184.    Quantum Loyalty realleges and incorporates Paragraphs 1-183 of this answer and counterclaim as set forth above.

185.    This cause of action arises under New York common law.

186.    The MOVIE CASH service mark has become a generic name for the services for which the mark is used in interstate commerce.

187.    The MOVIE CASH service mark is descriptive and only used to describe the service provided by TPG under that mark.

188.    Since the MOVIE CASH service mark is generic and descriptive, TPG's alleged rights to the MOVIE CASH service mark are either invalid, void and/or otherwise unenforceable.  Accordingly, Quantum Loyalty seeks a declaration of the Court that any trademark rights in and to the phrase MOVIE CASH is invalid, void and/or otherwise unenforceable.

## COUNT V

### DECLARATION THAT TPG'S ALLEGED GAS CASH SERVICE MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

189.    Quantum Loyalty realleges and incorporates Paragraphs 1-188 of this answer and counterclaim as set forth above.

190.    This cause of action arises under New York common law.

191.    The GAS CASH service mark has become a generic name for the services for which the mark is used in interstate commerce.

192.    The GAS CASH service mark is descriptive and only used to describe the service provided by TPG under that mark.

193.    Since the GAS CASH service mark is generic and descriptive, TPG's alleged rights to the GAS CASH service mark are either invalid, void and/or otherwise unenforceable.  Accordingly, Quantum Loyalty seeks a declaration of the Court that any trademark rights in and to the phrase GAS CASH is invalid, void and/or otherwise unenforceable.

## COUNT VI

### DECLARATION THAT TPG'S ALLEGED MUSIC CASH SERVICE MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

194.    Quantum Loyalty realleges and incorporates Paragraphs 1-193 of this answer and counterclaim as set forth above.

195.    This cause of action arises under New York common law.

196.    The MUSIC CASH service mark has become a generic name for the services for which the mark is used in interstate commerce.

197.    Since the MUSIC CASH service mark is generic, TPG's alleged rights to the MUSIC CASH service mark are either invalid, void and/or otherwise unenforceable. Accordingly, Quantum Loyalty seeks a declaration of the Court that any trademark rights in and to the phrase MUSIC CASH is invalid, void and/or otherwise unenforceable.

## COUNT VII

### DECLARATION THAT TPG'S ALLEGED DVD CASH SERVICE MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

198.    Quantum Loyalty realleges and incorporates Paragraphs 1-197 of this answer and counterclaim as set forth above.

199.    This cause of action arises under New York common law.

200.    The DVD CASH service mark has become a generic name for the services for which the mark is used in interstate commerce.

201.    The DVD CASH service mark is descriptive and only used to describe the service provided by TPG under that mark.

202.    Since the DVD CASH service mark is generic and descriptive, TPG's alleged rights to the DVD CASH service mark are either invalid, void and/or otherwise

unenforceable.  Accordingly, Quantum Loyalty seeks a declaration of the Court that any

trademark rights in and to the phrase DVD CASH is invalid, void and/or otherwise

unenforceable.

## COUNT VIII

## DECLARATION THAT TPG'S ALLEGED ENTERTAINMENT CASH SERVICE MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

203.    Quantum Loyalty realleges and incorporates Paragraphs 1-202 of this

answer and counterclaim as set forth above.

204.    This cause of action arises under New York common law.

205.    The ENTERTAINMENT CASH service mark has become a generic name

for the services for which the mark is use in interstate commerce.

206.    The ENTERTAINMENT CASH service mark is descriptive and only used

to describe the service provided by TPG under that mark.

207.    Since the ENTERTAINMENT CASH service mark is generic and

descriptive, TPG's alleged rights to the ENTERTAINMENT CASH service mark are

either invalid, void and/or otherwise unenforceable.  Accordingly, Quantum Loyalty

seeks a declaration of the Court that any trademark rights in and to the phrase

ENTERTAINMENT CASH is invalid, void and/or otherwise unenforceable.

## COUNT IX

## FALSE ADVERTISING UNDER SECTION 43(a) OF THE LANHAM ACT

208.    Quantum Loyalty realleges and incorporates Paragraphs 1-207 of this

answer and counterclaim as set forth above.

209.    This cause of action for false advertising arises under § 43(a) of the

Lanham Act, 15, U.S.C. § 1125(a).

210.    TPG falsely advertises that certain movie theater companies are included in a network that accepts its products and that TPG has a relationship with a certain movie theater company.  Such advertisement is false and misleading regarding the nature, characteristics, and qualities of TPG's goods, services, or commercial activities.

211.    TPG's false advertising is likely to deceive a significant segment of Quantum Loyalty's intended market of consumers.  On information and belief, customers have been and will continue to be mistakenly induced to engage in business relationships with TPG.

212.    Quantum Loyalty has a reasonable interest to be protected against TPG's false and misleading advertisements.

213.    Quantum Loyalty as a reasonable basis for believing that its reasonable interest likely has been and will continue to be damaged by TPG's false and misleading advertisements.

214.    Due to TPG's false and misleading promotions and advertisements, Quantum Loyalty has been and will continue to be injured.

## COUNT X

## UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

215.    Quantum Loyalty realleges and incorporates Paragraphs 1-214 of this answer and counterclaim as set forth above.

216.    TPG's aforementioned acts constitute unfair competition and unfair or deceptive acts or practices in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

217.    Quantum Loyalty has been and will continue to be damaged by TPG's aforementioned acts.

## COUNT XI

## COMMON LAW VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349

218.    Quantum Loyalty realleges and incorporates Paragraphs 1-217 of this answer and counterclaim as set forth above.

219.    This cause of action for deceptive business practices arises under Section 349 of New York's General Business Law.

220.    The consumer-oriented representations made by TPG that certain movie theater companies are included in the network and that TPG has a relationship with a certain movie theater company, as set forth above are misleading in a material respect.

221.    Quantum Loyalty has been injured and will continue to be injured by TPG's continued false, misleading, and deceptive practices and representations to the public at large.

222.    Due to TPG's false, misleading, and deceptive practices, Quantum Loyalty has been and will continue to be damaged.

## COUNT XII

## COMMON LAW VIOLATION OF NEW YORK GENERAL BUSINESS LAW §350

223.    Quantum Loyalty realleges and incorporates Paragraphs 1-222 of this answer and counterclaim as set forth above.

224.    This cause of action for false advertising rises under Section 350 of New York's General Business Law.

225.    The consumer-oriented representations made by TPG that certain movie theater companies are included in the network and that TPG has a relationship with a certain movie theater company, as set forth above are misleading in a material respect, and will induce customers to purchase TPG's services.

226.    On information and belief, customers have relied on the false and misleading representations made in TPG's advertising to purchase TPG's services.

227.    Due to TPG's false and misleading advertisements, Quantum Loyalty has been, is being, and will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff prays for an order of the Court:

A.    Granting a preliminary and permanent injunction restraining TPG Rewards, Inc., its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with, from unfairly competing with Quantum Loyalty;

B.    That the Court enter an Order cancelling U.S. Reg. Nos. 2,631,349; 2,582,293; and 2,170,041 and that the Director of the U.S. Patent and Trademark Office be provided with a certified copy of same;

C.    Granting a preliminary and permanent injunction restraining TPG Rewards, Inc., its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with, from representing or communicating that "MOVIE CASH," "MUSIC CASH," "GAS CASH, "DVD CASH," "ENTERTAINMENT CASH," and the like are valid trademarks;

D.      Requiring TPG to issue corrective advertising to whom it distributed its false advertising and for the corrective advertising to state that TPG's prior advertisements were false;

E.      Requiring TPG to issue notice that its purported trademarks, "MOVIE CASH," "MUSIC CASH," "GAS CASH, "DVD CASH," "ENTERTAINMENT CASH," and the like are invalid trademarks and that TPG has no proprietary rights in any of such terms;

F.      Requiring TPG Rewards, Inc. to pay Quantum Loyalty three times the amount of Quantum Loyalty's actual damages due to the circumstances of this case, pursuant to 15 U.S.C. § 1117(b) and/or New York General Business Law §§ 349 and 350 and/or under any other statute alleged in this Answer and Counterclaim;

G.      Directing TPG Rewards, Inc. to file with the Court and serve on counsel for Quantum Loyalty, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in the detailed manner and form in which TPG Rewards, Inc. has complied with the injunction;

H.      Directing TPG Rewards, Inc. to deliver up to Quantum Loyalty for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody, or control;

I.      Awarding punitive damages to Quantum Loyalty in accordance with New York law;

J.      Awarding Counterclaim Plaintiff its reasonable attorneys' fees; and

K.      Awarding Counterclaim Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  September 5, 2008

Respectfully submitted,

_____/s/ Sean F. O'Shea_____
Sean F. O'Shea (SO-5476)
Michael E. Petrella (MP-3794)
O'SHEA PARTNERS LLP
90 Park Avenue, 20th Floor
New York, NY  10016
T: (212) 682-4426
F: (212) 682-4437
soshea@osheapartners.com
mpetrella@osheapartners.com

Brian T. Moriarty (BM-7882)
HAMILTON, BROOK, SMITH &
   REYNOLDS, P.C.
530 Virginia Road, P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  978.341.0036
Facsimile:  978.341.0136
brian.moriarty@hbsr.com

Attorneys for Defendant
QUANTUM LOYALTY SYSTEMS, INC.

# JURY DEMAND

Defendant/counterclaim-plaintiff Quantum Loyalty Systems, Inc. hereby demands trial by jury of all claims so triable.

Dated:                                          Respectfully submitted by,


      /s/ Sean F. O'Shea
Sean F. O'Shea (SO-5476)
Michael E. Petrella (MP-3794)
O'SHEA PARTNERS LLP
90 Park Avenue, 20th Floor
New York, NY  10016
T: (212) 682-4426
F: (212) 682-4437
soshea@osheapartners.com
mpetrella@osheapartners.com

Brian T. Moriarty (BM-7882)
HAMILTON, BROOK, SMITH &
   REYNOLDS, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  978.341.0036
Facsimile:  978.341.0136
brian.moriarty@hbsr.com

Attorneys for Defendant
QUANTUM LOYALTY SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and complete copy of the foregoing ANSWER AND COUNTERCLAIMS OF QUANTUM LOYALTY SYSTEMS, INC. filed though the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 5th day of September 2008

    /s/ Sean F. O'Shea
Sean F. O'Shea